UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
JOHN FITZGERALD KENNEDY, HILDA KENNEDY
and WILLIAM HENRY KENNEDY,

                        Plaintiffs,      08 CIV 3969 (PAC) (GWG)

   -against-                            AMENDED ANSWER

RELATED MANAGEMENT and THE RELATED
COMPANIES,

                        Defendants.
----------------------------------------X

       The defendants, Related Management Company, L.P., s/h/a Related Management, and The Related Companies, L.P., s/h/a The Related Companies, as and for their amended answer to the complaint, amending as of right pursuant to FRCP Rule 15, respectfully allege, upon information and belief, as follows:

### Preliminary Statement

       1.   Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "1", and refer to the complaint for the allegations made therein and, further, respectfully refer all questions of law to the Court.

### Jurisdiction

2. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraphs "2" and "3" and respectfully refer all questions of law to the Court.

### Venue

3. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "4" and respectfully refer all questions of law to the Court.

### Parties

4. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "5".

5. Deny each and every allegation set forth in paragraphs "6", "7", "8" and "9".

6. Admit each and every allegation set forth in paragraph "10".

## Factual Allegations

7. Admit each and every allegation set forth in paragraphs "11" and "12", except respectfully refer all questions of law to the Court.

8. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraphs "13" and "14".

9. Deny each and every allegation set forth in paragraphs "15", "16", "17", "18", "19", "20", "21", "22", "23" and "24", except admit that defendants did not contact Hilda Kennedy's ophthalmologist and that defendants rejected plaintiffs' application and otherwise respectfully refer all questions of law to the Court.

10. Deny each and every allegation set forth in paragraphs "25", "26", "27", "28", "29", "30", "31" and "32", except admit that plaintiffs submitted said Brief and that plaintiffs' application herein was rejected.

### First Affirmative Defense

11. The plaintiffs have failed to state a cause of action against defendants as a matter of law.

### Second Affirmative Defense

12. The plaintiffs' complaint improperly fails to specify any relief being requested herein.

### Third Affirmative Defense

13. The plaintiffs' complaint should be dismissed as plaintiffs have failed to pursue and/or exhaust their administrative remedies.

### Fourth Affirmative Defense

14. Upon information and belief, the court lacks *in personam* jurisdiction as the plaintiffs have failed to properly serve the summons and complaint upon the defendants.

### Fifth Affirmative Defense

15. Upon information and belief, none of the plaintiffs have a disability within the meaning of the Fair Housing Act, 42 U.S.C. §3601, et seq.

### Sixth Affirmative Defense

16. The defendants did not intentionally or otherwise discriminate against the plaintiffs based on the plaintiffs' alleged disabilities or on any other ground.

### Seventh Affirmative Defense

17. Even if the plaintiffs' allegations were true, which defendants deny, plaintiffs cannot show that defendants had the necessary discriminatory intent or malice to cause such alleged injuries as claimed by plaintiffs.

### Eighth Affirmative Defense

18. The defendants denied plaintiffs' application based upon the ground that plaintiff, John Fitzgerald Kennedy, submitted inaccurate and incomplete information in obtaining public assistance.

### Ninth Affirmative Defense

19. The plaintiffs do not otherwise meet the requisite qualifications, set forth in applicable statutes and regulations, to rent the property.

### Tenth Affirmative Defense

20. The inquiries made by defendants concerning the plaintiffs in regard to their application for housing were all permissible inquiries in accordance with the Fair Housing Act, 42 U.S.C. §3601, et seq., and the regulations issued thereunder.

WHEREFORE, the defendants, Related Management Company, L.P., s/h/a Related Management, and The Related Companies, L.P., s/h/a The Related Companies, demand judgment dismissing the complaint against them, with prejudice, together with judgment for their costs, disbursements, and attorneys fees, and granting to said defendants such other further and different relief as may be just and equitable in the premises.

Dated:    New York, New York
          May 30, 2008

                                    JONES HIRSCH CONNORS & BULL P.C.

                            By: _____
                                    Warren A. Herland (WH5544)
                                    A Principal Of The Firm

                                    Attorneys for Defendants
                                    Related Management Company, L.P.
                                     and The Related Companies, L.P.
                                    Office & P.O. Address
                                    One Battery Park Plaza
                                    New York, New York 10004
                                    Tel: (212) 527-1000

TO:  Paul B. Dalnoky, Esq.
     Attorney for Plaintiffs
     333 East 6th Street
     (Apt. 1N)
     New York, New York 10003
     Tel. No.: (212) 260-4386


726524

### AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

LYNEL J. TAYLOR, being duly sworn, deposes and says:

I am not a party to the action, I am over 18 years of age and reside in Hudson County, New Jersey.

On the 30th day of May, 2008, deponent served the within:

AMENDED ANSWER

UPON:

Paul B. Dalnoky, Esq.
Attorney for Plaintiffs
333 East 6th Street
(Apt. 1N)
New York, New York 10003
Tel. No.: (212) 260-4386

at the addresse(s) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

LYNEL J. TAYLOR

Sworn to before me, this
30th day of May, 2008

NOTARY PUBLIC

DEBORAH A. DERENZIS
Notary Public, State of New York
No. 01DE6089503
Qualified in Richmond County
Commission Expires March 24, 2011