```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 0 8 2008
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JOHN FITZGERALD KENNEDY, HILDA KENNEDY
and WILLIAM HENRY KENNEDY,

                       Plaintiffs,     08 CIV 3969 (PAC) (GWG)

    -against-                              STIPULATION

RELATED MANAGEMENT and THE RELATED
COMPANIES,

                       Defendants.
------------------------------------X

    IT IS HEREBY STIPULATED, by and between the attorney for the plaintiffs and the attorney for the defendants, that the plaintiffs may serve an amended complaint in the form attached hereto as Exhibit A.

Dated:  New York, New York
        June 24, 2008

PAUL BENJAMIN DALNOKY           JONES HIRSCH CONNORS & BULL P.C.

By: _____          By: _____
Paul Benjamin Dalnoky (PD6794)     Warren A. Herland (WH5544)
                                     A Principal Of The Firm

Attorney for Plaintiffs          Attorney for Defendants
45 East 7th Street, # 103        Office & P.O. Address
New York, New York 10003        One Battery Park Plaza
(212) 260-4386                  New York, New York 10004
                                 (212) 527-1000

SO ORDERED: JUL 0 8 2008

_____
Hon. Paul A. Crotty
United States District Judge

728825

**EXHIBIT A**

Rec'd 6/20/08

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

---

John Fitzgerald Kennedy,
Hilda Kennedy &
William Henry Kennedy,

                Plaintiffs,

-----against-----

Related Management &
The Related Companies,

                Defendants.

COMPLAINT IN A CIVIL ACTION
08 CIV 3969 (PAC) (GWG)

FIRST AMENDMENT

---

## PRELIMINARY STATEMENT

1.) This is an action arising under the Fair Housing Act, 42 USC 3601, et seq., state and local law.

## JURISDICTION

2.) The statutory grounds for this action are the Fair-Housing Act, 42 USS 3601, et seq., the Fifth Amendment and the Equal Protection Clause of the 14th Amendment to the Constitution of the United States.

3.) As this action presents a question of Federal and Constitutional law jurisdiction, it is proper in the District Court pursuant to 28 USC 1331.

## VENUE

4.) Venue is proper in the Southern District of New York, pursuant to 28 USC 1391 (b) 1, 2 and 3.

## PARTIES.

5.) Plaintiff(s): John Fitzgerald Kennedy, determined to be disabled by the Social Security Administration, Hilda Kennedy, visually impaired, and William Henry Kennedy each are individuals, who, at all relevant periods of time were residents of the State, City, and County of New York.

6.) UPON INFORMATION AND BELIEF, Related Companies is a duly-formed corporation which is authorized to due business in the state of New York.

7.) UPON INFORMATION AND BELIEF, Related Management is a wholly-owned subsidiary of the Related Companies.

8.) UPON INFORMATION AND BELIEF, the Related Companies is a duly formed corporation, authorized to do business in the State of New York.

9.) UPON INFORMATION AND BELIEF, the Related Companies operate as a fully integrated company.

10.) UPON INFORMATION AND BELIEF, Related Companies have developed or acquired properties totaling 35,000 apartment homes and over 4 million square feet

of commercial space; And, related management division currently oversees more than 21,000 apartments and over 1 million square feet of commercial and retail space located across nine states.

FACTUAL ALLEGATIONS

11.) WHEREAS, Plaintiffs as a family are protected under New York State Law, the Executive Law, against discrimination in the rental or leasing of residential housing.

12.) WHEREAS, on or around April 1, 2007 Defendant, Related Management ("Defendant") caused to have published in newspapers of general circulation in New York City, and through the use of the worldwide web, an invitation for residential rental housing units in Riverwalk Landing #4, at 425 Main Street, New York, N.Y. 10044, a project managed by Defendant. ("the building")

13.) WHEREAS, the building was constructed, and to be rented in adherence to the rules and regulations of the R10 Inclusionary Housing Program of the City of New York's Department of Housing Preservation & Development ("HPD"), HPD Marketing Guidelines, and other Rules and Regulations related to the building. Defendant derived certain benefits there from.

14.) WHEREAS, Plaintiff(s) in a timely manner submitted an application pursuant to this invitation by Defendant for the purpose of re-uniting each other as a family unit under one roof and taking advantage of the apartment opportunity provided by

the Defendant, the City of New York and other government entities.

15.) WHEREAS, Plaintiffs were selected by lottery through the use of the United States Postal Service.

16.) WHEREAS, Defendant contacted Plaintiffs to inform them of this fact. Defendant requested more information from Plaintiff(s) which was also provided in a timely manner. All information provided by Plaintiff(s) was true and correct.

17.) WHEREAS, Defendant via the use of the telephone and email, illegally requested Plaintiff, John Fitzgerald Kennedy's budget letter from, a Federal Medical Insurance Agency. Defendant's ultimate rejection of Plaintiffs application was based upon this request.

18.) ADDITIONALLY, Defendant unethically requested that Plaintiff, John Kennedy provide written assurances from Medical Insurance & Community Services Administration "MICSA", referred to incorrectly as HRA ("New York City Human Resources Administration") by Defendant, stating that he would never receive rental assistance if he moved into a mutual cohabitation with the other Plaintiffs.

19.) WHEREAS, MICSA is not allowed, by law, to provide an outside entity with a Budget Letter, it is only used for 'in house' auditing, as stated by Plaintiff John Kennedy's Case Manager's Supervisor. MICSA provided Defendant with the

Plaintiff, John Kennedy's Budget Letter under protest and with the assurances from the Defendant that they have the authorization of the City of New York to request said confidential information without reproach.

20.) ADDITIONALLY, John Kennedy's MICSA case manager stated to the Defendant that she could not under any circumstances, write that MICSA would never provide assistance to Plaintiff, John Kennedy, however, the assistance MICSA is providing, hypothetically, would cease if all three Plaintiffs lived together with stated provable levels of income.

21.) WHEREAS, Defendant requested duplicate information from the Plaintiff(s) repeatedly, including duplicate IRS transcripts, so much that the application process for the apartment lasted from July 18, 2007 to October 2, 2007 and involved three application processors and one supervisor.

22.) WHEREAS, on August 7, 2007, John Kennedy was diagnosed with Chronic Myeloid Leukemia and, in addition to this, he had an increase of his white blood cell count, possibly connected to stress of repeatedly providing the Defendant with duplicate income information. This jeopardized his health considerably.

23.) WHEREAS, Defendants did not attempt to contact Hilda Kennedy's ophthalmologist to verify her disability for her 2% preference.

24.) WHEREAS, Plaintiffs household income and household composition fit into the

narrow guidelines presented by HPD and Defendant for this building. Defendant never claimed that either Plaintiffs household income or composition rendered them ineligible for an apartment.

25.) WHEREAS, Plaintiff(s) application was denied by the Defendant on the basis of "failure to supply requested information". Plaintiff maintain that this reason was a mere pretext for unlawfully discriminating against them due to John Kennedy's and Hilda Kennedy's disabilities.

26.) WHEREAS, Plaintiff submitted by Certified Mail/Return Receipt Requested a 30 plus page "Brief in Support of Kennedy Family Non Failure to Supply Requested Information by Related Management, Affordable Housing Group" to show cause that they did not fail to provide information to the Defendant with evidences attached, including tape recordings. As such, Plaintiffs, have exhausted their administrative remedies.

27.) WHEREAS, Plaintiff(s) appeal was denied by the Defendant. Upon Defendant's denial of Plaintiffs' application and appeal, the apartment for which Plaintiffs applied remained unoccupied.

28.) WHEREAS, the reasons given by Defendants for denying Plaintiffs' appeal, in fact, differed from this original denial.

29.) WHEREAS, Defendant made no more mention of the "failure to supply

requested information".

30.) WHEREAS, The Defendant's new reason for rejection is solely due to the unrelated and unwarranted assumption that: 1.) Plaintiff, John F. Kennedy, according to Defendant, did not qualify for the assistance he was receiving from MIRCSA, regardless of the evidence provided by the Plaintiff(s) to the contrary.

31.) UPON INFORMATION AND BELIEF, the apartment the Plaintiff(s) were fully qualified to have upon Defendants' rejection of Plaintiff(s) application remained vacant but was rented out prior to the Plaintiff(s) exhausting all their avenues of remedy as set forth by HPD and the R10 Inclusionary Housing Program Guidelines: Upon completion of the affordable housing, HPD will issue a certificate of occupancy ("C of O") for the development using the zoning bonus.

32.) UPON INFORMATION AND BELIEF, Defendant eliminated approximately 1,000 (one thousand) applicants from being tenants in the building prior to wrongfully eliminating the plaintiffs.

33.) UPON INFORMATION AND BELIEF, Defendant's intent was to eliminate all of the moderate income applicants who applied to be tenants in the building so that defendant could rent the apartments reserved in the building for individuals of modest means to individuals of means for approximately four times the monthly rental.

34.) Defendant's defense that Plaintiff John Fitzgerald Kennedy defrauded a municipal agency by not including his wife on his budget creates a new claim of discrimination based upon familial status.

35.) WHEREFORE, Plaintiffs respectfully requests judgment as follows:

        A.) Equitable Relief

        B.) Legal Relief

        C.) Attorney's Fees

        D.) Such other relief as may be just.

Dated: New York, New York
June 18, 2008                    Paul B. Dalnoky, Esq.

BY: _____
Paul B. Dalnoky, Esq.
Attorney for Plaintiffs
John Fitzgerald Kennedy, Hilda Kennedy, &William Henry Kennedy
45 East 7th Street, #103
New York, New York 10003
Telephone Number (212) 260-4386

To: JONES HIRSG & BULL P.C.
Warren A. Herland
A Principal of the Firm
Related Management Company, L.P.
And The Related Companies, L.P.
Office & P.O Address
One Battery Park Plaza
New York, New York, 10004
Telephone: (212) 527-1000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
JOHN FITZGERALD KENNEDY, HILDA KENNEDY    08 CIV 3969 (PAC) (GWG)
and WILLIAM HENRY KENNEDY,

                      Plaintiffs,

   -against-

RELATED MANAGEMENT and THE RELATED
COMPANIES,
                    Defendants.

------------------------------------------X

## STIPULATION

JONES HIRSCH CONNORS & BULL P.C.
One Battery Park Plaza, 28th Floor
New York, New York 10004
(212) 527-1000

Attorneys for Defendants
Related Management Company, L.P.
and The Related Companies, L.P.