```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
JOHN FITZGERALD KENNEDY, HILDA KENNEDY
and WILLIAM HENRY KENNEDY,

                        Plaintiffs,        08 CIV 3969 (PAC) (GWG)

     -against-                             ANSWER TO FIRST
                                           AMENDED COMPLAINT
RELATED MANAGEMENT and THE RELATED
COMPANIES,

                        Defendants.
-----------------------------------------X
```

The defendants, Related Management Company, L.P., s/h/a Related Management, and The Related Companies, L.P., s/h/a The Related Companies, as and for their answer to the plaintiffs' first amended complaint, respectfully allege, upon information and belief, as follows:

### Preliminary Statement

1. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "1", and refer to the first amended complaint for the allegations made therein and, further, respectfully refer all questions of law to the Court.

### Jurisdiction

2. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraphs "2" and "3" and respectfully refer all questions of law to the Court.

### Venue

3. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "4" and respectfully refer all questions of law to the Court.

### Parties

4. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "5".

5. Deny each and every allegation set forth in paragraphs "6", "7", "8" and "9".

6. Admit each and every allegation set forth in paragraph "10".

## Factual Allegations

7. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraphs "11", "14" and "15" and respectfully refer all questions of law to the Court.

8. Admit each and every allegation set forth in paragraphs "12" and "13", except respectfully refer all questions of law to the Court.

9. Deny each and every allegation set forth in paragraphs "16", "17", "18", "19", "20", "21", "22", "23" and "24", except admit that defendants did not contact Hilda Kennedy's ophthalmologist and that defendants rejected plaintiffs' application; except deny knowledge or information as to plaintiff, John Fitzgerald Kennedy's, medical condition and otherwise respectfully refer all questions of law to the Court.

10. Deny each and every allegation set forth in paragraphs "25", "26", "27", "28", "29", "30", "31", "32", "33", "34" and "35", except admit that plaintiffs submitted said Brief and that plaintiffs' application herein was rejected and otherwise refer

to said first amended complaint for the relief requested by plaintiffs therein.

### First Affirmative Defense

11.  The plaintiffs have failed to state a cause of action against defendants as a matter of law.

### Second Affirmative Defense

12.  The plaintiffs' first amended complaint improperly fails to specify any relief being requested herein.

### Third Affirmative Defense

13.  The plaintiffs' first amended complaint should be dismissed as plaintiffs have failed to pursue and/or exhaust their administrative remedies.

### Fourth Affirmative Defense

14.  Upon information and belief, none of the plaintiffs have a disability within the meaning of the Fair Housing Act, 42 U.S.C. §3601, et seq.

### Fifth Affirmative Defense

15. The defendants did not intentionally or otherwise discriminate against the plaintiffs based on the plaintiffs' alleged disabilities or on any other ground.

### Sixth Affirmative Defense

16. Even if the plaintiffs' allegations were true, which defendants deny, plaintiffs cannot show that defendants had the necessary discriminatory intent or malice to cause such alleged injuries as claimed by plaintiffs.

### Seventh Affirmative Defense

17. The defendants denied plaintiffs' application based upon the ground that plaintiff, John Fitzgerald Kennedy, submitted inaccurate and incomplete information in obtaining public assistance.

### Eighth Affirmative Defense

18. The plaintiffs do not otherwise meet the requisite qualifications, set forth in applicable statutes and regulations, to rent the property.

## Ninth Affirmative Defense

19. The inquiries made by defendants concerning the plaintiffs in regard to their application for housing were all permissible inquiries in accordance with the Fair Housing Act, 42 U.S.C. §3601, et seq., and the regulations issued thereunder.

WHEREFORE, the defendants, Related Management Company, L.P., s/h/a Related Management, and The Related Companies, L.P., s/h/a The Related Companies, demand judgment dismissing the complaint against them, with prejudice, together with judgment for their costs, disbursements, and attorneys fees, and granting to said defendants such other further and different relief as may be just and equitable in the premises.

Dated:   New York, New York
         July 10, 2008

JONES HIRSCH CONNORS & BULL P.C.

By: *Warren A. Herland*
Warren A. Herland (WH5544)
A Principal Of The Firm

Attorneys for Defendants
Related Management Company, L.P.
 and The Related Companies, L.P.
Office & P.O. Address
One Battery Park Plaza
New York, New York 10004
Tel: (212) 527-1000

TO:   Paul B. Dalnoky, Esq.
      Attorney for Plaintiffs
      45 East 7th Street, #103
      New York, New York 10003
      Tel. No.: (212) 260-4386

728823

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                       )  ss.:
COUNTY OF NEW YORK     )

DEBORAH GEORGE, being duly sworn, deposes and says:

I am not a party to the action, I am over 18 years of age and reside in KINGS County, New YORK.

On the 10th day of July, 2008, deponent served the within:

ANSWER TO FIRST AMENDED COMPLAINT

UPON:

Paul B. Dalnoky, Esq.
Attorney for Plaintiffs
45 East 7th Street, #103
New York, New York 10003
Tel. No.: (212) 260-4386

at the addresse(s) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
DEBORAH GEORGE

Sworn to before me this
10th day of JULY, 2008

_____
NOTARY PUBLIC

DEBORAH A. DERENZIS
Notary Public, State of New York
No. 01DE6089503
Qualified in Richmond County
Commission Expires March 24, 20_11_